949 F.2d 400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ann THOMPSON, Defendant-Appellant.
 No. 89-10230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1991.
Decided Dec. 5, 1991.
 
 Before D.W. NELSON, CYNTHIA HOLLOMB HALL and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Ann Thompson appeals her conviction for conspiracy, wire fraud, and credit card fraud. She asks this panel to apply Gomez v. United States, 490 U.S. 858 (1989), and reverse her conviction because a federal magistrate selected her jury. Further, she claims that there was a prejudicial variance between the indictment and the proof at trial, in that the proffered evidence did not connect all eighteen conspiracy members named in the indictment to the conspiracy. Because we find that the impanelling of a jury by a magistrate absent consent by the defendant is a violation of the defendant's constitutional rights, and that the failure to object to the impanelling does not constitute a waiver of the defendant's rights, we reverse and remand the case to the district court.
 
 
 3
 In Gomez, the Supreme Court held that the Federal Magistrates Act does not authorize magistrates to conduct voir dire in felony trials over a defendant's objection. In its brief, the government argued that we should not apply Gomez retroactively where the appellant stated at trial that she had no objection to the jury panel. This contention is clearly inconsistent with this circuit's determination in United States v. France, 886 F.2d 223 (9th Cir.1989), aff'd by an equally divided court, 111 S.Ct. 1125 (1991), that Gomez applies retroactively to all cases not yet final on the date the Gomez decision was rendered. In France, the court held that a failure to object to the magistrate's supervision of a voir dire conducted prior to Gomez will not constitute a waiver of the defendant's rights because the "solid wall of circuit authority" allowing magistrate impanelling then in existence would have made such objection futile. 886 F.2d at 227-28. Accordingly, France established a per se rule invalidating convictions in all jury trials where the jury voir dire was supervised by a magistrate, regardless of whether or not the defendant raised an objection.
 
 
 4
 After this court's decision in France, the Supreme Court decided Peretz v. United States, 111 S.Ct. 2661 (1991). In Peretz, the Court reaffirmed Gomez but also held that the "additional duties" clause of the Federal Magistrates Act authorizes district courts to delegate jury selection to magistrates when the parties consent to the magistrate's role. However, although Peretz makes clear that a defendant may now object or consent to delegation of voir dire, our decision in France continues to control cases in which a defendant's trial began before the decision in Gomez. The fact that it was futile to raise an objection to a magistrate's conduct of voir dire prior to the decision in Gomez is not altered retroactively by the Supreme Court's determination that a defendant now has a clearly enunciated right to object or consent to delegation.
 
 
 5
 The mandate in Gomez issued on July 7, 1989. Thompson's trial began on January 23, 1989, before the decision in Gomez, and she did not affirmatively consent to the magistrate's conduct of voir dire. On that basis, we must reverse Thompson's conviction and remand to the district court for a new trial. Accordingly, we need not reach Thompson's second contention on appeal regarding the variance between the allegations contained in the indictment and the proof offered at trial.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3